## No. 5811.

## MARY MALADY VS. WILLIAM MALADY AND MARY B. CALDWELL. JOHN MOONEY, THIRD OPPONENT.

In a previous case it was decided by this court that the plaintiff was entitled to recover of defendants, as her community share, one-fourth of the entire property belonging to the partnership which existed between William Malady, her husband, and Mary B. Caldwell, and which was conducted in the name of Mary B. Caldwell. To effect a partition pursuant to decrees of this court, a sale was made of a certain piece of property on which John Mooney

held a conventional mortgage. When the partition sale was made this creditor filed a third opposition claiming of the proceeds a sum sufficient to pay the amount of his mortgage on the property sold. This mortgage existed on the property prior to the suit of plaintiff against defendants and before the existence of such a person as plaintiff was known to the mortgage creditor.

The plaintiff, Mary Malady, cannot be allowed to take one-fourth of the proceeds of the property in question and throw on defendants the payment of the entire mortgage debt bearing on said property, or on the three-fourths of the proceeds thereof.

If plaintiff claims for the community between herself and William Malady one-half of the property of Mary B. Caldwell, on the ground that there was a partnership between her husband and Mary B. Caldwell, conducted in the name of the latter, she must allow the debts of that partnership to be settled out of the assets thereof before the partition is made.

Therefore the court a qua erred in requiring defendants to pay the entire amount of the mortgage debt held by the intervenor out of the share coming to them from the sale. Plaintiff must discharge a proportional part of the debt.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J.* *W. H. Rogers*, for plaintiff and appellee. *Merrick, Race & Foster*, for defendants and appellants.

WYLY, J. In the litigation heretofore had between plaintiff and defendants this court has decided that the property acquired in the name of Mary B. Caldwell really belonged to the partnership which existed between her and William Malady, and the interest of the latter therein composed the community of acquests existing between him and his wife, plaintiff herein: that plaintiff was entitled to one-half of the community property, which consisted of one-half of the wealth of Mary B. Caldwell. In other words, that plaintiff was entitled to recover of defendants one-fourth of the entire property belonging to the partnership which existed between William Malady and Mary B. Caldwell, and which was conducted in the name of Mary B. Caldwell.

To effect a partition, pursuant to decrees of this court, a sale was made of a certain piece of property upon which John Mooney held a conventional mortgage for $2000. This mortgage existed upon the property prior to the suit of plaintiff against defendants, and before the existence of such a person as plaintiff was known to said mortgage creditor.

When the partition sale was made, however, this mortgage creditor filed a third opposition, claiming of the proceeds a sum sufficient to pay the amount of his mortgage bearing on the property sold. The court decided that the intervenor, John Mooney, should be paid out of the three-fourths of the proceeds belonging to defendants, and that no part of the one-fourth of the proceeds coming to Mary Malady could be applied to the payment of the mortgage due to John Mooney, which bore upon the entire property sold.

From this judgment William Malady and Mary B. Caldwell have appealed.

As the appellants' part of the proceeds of the sale is sufficient to pay the mortgage creditor, he has not appealed.

And here the question is: Shall plaintiff, Mary Malady, be allowed to take one-fourth of the proceeds of the property in question and throw the payment of the entire mortgage debt bearing on said property on the defendants, or on their three-fourths of the proceeds thereof? The attempt of plaintiff to show the invalidity of the mortgage debt of intervenor we regard as a failure. The mortgage was given prior to the suit of Mary Malady for a divorce and for one-half of the property belonging to the community existing between herself and William Malady, and it was given while the partnership still existed between William Malady and Mary B. Caldwell.

As the business of this partnership was conducted in the name of Mary B. Caldwell we will presume the property standing in her name belonged to the partnership, and the incumbrances thereon were due by the owner, the partnership. It would not be fair to presume that the property of Mary B. Caldwell belonged to the partnership, and the mortgage bearing thereon was due by herself individually.

If plaintiff claims for the community between herself and William Malady one-half of the property of Mary B. Caldwell on the ground that there was a partnership between her husband and Mary B. Caldwell, conducted in the name of the latter, she must allow the debts of that partnership to be settled out of the assets thereof before the partition is made.

We regard the mortgage in favor of the intervenor, John Mooney, as a debt due by the partnership which was conducted in the name of Mary B. Caldwell, and we conclude that it must be paid out of the entire proceeds of the sale of the mortgaged property.

The court therefore erred in requiring defendants to pay the entire amount of the mortgage debt out of the share coming to them from the sale. Plaintiff must discharge a part of the debt.

It is therefore ordered that the judgment herein be amended as between plaintiff and defendants so that the debt of the mortgage creditor, John Mooney, shall be paid out of the entire proceeds of the sale, and the balance thereof be divided between plaintiff and defendants in the proportion of one-fourth to plaintiff and three-fourths to defendants, and, as amended, that said judgment be affirmed, plaintiff paying costs of appeal.